**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN FISHOFF, et al.,<br><br>Defendants. | Civil Action No. 15-3725 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court by way of the United States's ("Government") Motion to Intervene and to Stay Civil Discovery. (ECF No. 20.) Defendants Featherwood Capital Inc., Steven Fishoff ("Mr. Fishoff"), and JSF Investment Capital Inc. (collectively, "Objecting Defendants")[1] filed opposition (ECF No. 48), and the Government replied (ECF No. 53). The Court has carefully considered the submissions of the Government and Objecting Defendants and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Government's Motion to Intervene and to Stay Civil Discovery is granted.

**I.  Background**

This action is a civil enforcement action ("Civil Case") filed by the Securities and Exchange Commission ("SEC") against a number of individual and institutional defendants regarding a "serial insider trading scheme." (Compl. ¶ 1, ECF No. 1.) Through this alleged scheme

---

[1] The other defendants in this action have not opposed the Government's Motion to Intervene and to Stay Civil Discovery.

the individual defendants, Steven Fishoff, Ronald Chernin, Steven Costantin, and Paul Petrello, ("Individual Defendants") are alleged to have made over $3.2 million. (*Id.*) Some of the allegations in this action overlap with an active criminal case filed in this District against the same individual defendants. *See United States v. Fishoff*, No. 15-3622 (D.N.J. filed May 29, 2015) ("Criminal Case"). The pending criminal complaint charges the Individual Defendants with conspiracy to commit securities fraud and multiple counts of securities fraud arising from this alleged insider trading scheme. *See generally* Complaint, *Fishoff*, No. 15-3622. The Government is currently investigating allegations that are part of the Civil Case to determine whether the Individual Defendants are criminally liable for engaging in particular instances of insider trading. (Gov't's Moving Br. 7, ECF No. 20-1). The criminal complaint was unsealed upon the arrest of the individual defendants on June 3, 2015 - the same date that this Civil Case was filed. *See* Docket Entry, *United States v. Fishoff*, No. 15-586 (D.N.J. filed June 4, 2015).

Mr. Fishoff was indicted in the Criminal Case on November 13, 2015. *See* Indictment as to Steven Fishoff, *United States v. Fishoff*, No. 15-586 (D.N.J. filed Nov. 13, 2015). Defendants Paul Petrello, Ronald Chernin and Steven Costantin have pled guilty to securities fraud and conspiracy to commit securities fraud in the Criminal Case. *See* Plea Agreement, *United States v. Petrello*, No. 16-69 (D.N.J. filed Oct. 19, 2015); *See* Plea Agreement, *United States v. Chernin*, No. 16-157 (D.N.J. filed Mar. 29, 2016); *See* Plea Agreement, *United States v. Costantin*, No. 16-158 (D.N.J. filed Mar. 29, 2016). In addition, following Mr. Petrello's guilty plea in the Criminal Case, the SEC entered into a Final Consent Judgment as to Mr. Petrello in the Civil Case. (*See generally* Consent Order 7, ECF No. 89.) Notwithstanding the indictment of Mr. Fishoff and the pleas of Messrs. Petrello, Chernin, and Costantin, however, the grand jury investigation remains ongoing in the Criminal Case. (Gov't's Moving Br. 7, ECF No. 20-1.) Accordingly, the

Government moves to intervene in the Civil Case "for the limited purpose of staying discovery in this matter to protect the integrity of the ongoing investigation and prosecution of the Criminal Case." (*Id.* at 8.)

## II. Intervention

In its motion, the Government argues that it is entitled to intervene in the Civil Case as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (*Id.*) Rule 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a)(2). Four factors control whether intervention is appropriate under Rule 24(a)(2). *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). These four factors require a determination as to whether: (1) the motion to intervene is timely, (2) a sufficient interest in the underlying action has been established, (3) the interest will be impaired or affected by the disposition of the underlying action, and (4) the interest is not adequately represented by an existing party to the litigation. *Id.* "The proposed intervenor has the burden of proving each element and failure to prove any one of the [elements] is sufficient grounds to deny the motion." *Worthington v. Bayer Healthcare, LLC*, No. 11-3299, 2011WL 630999, at *2 (D.N.J. Dec. 15, 2011).

It is well-established, and Objecting Defendants do not dispute, that the Government's interest in a parallel civil action is sufficient to warrant intervention. *See, e.g.*, *S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 359 (D. Mass. 2014) (recognizing the government's interest in intervening in a "nearly identical" civil enforcement action); *S.E.C. v. Chestman*, 861 F.2d 49, 49 (2d Cir. 1988) ("The government had a discernible interest in intervening in order to prevent

3

discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."); *see also United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) (finding that the district court did not abuse its discretion in staying the civil action where "the similarity of issues [between a civil action and a parallel criminal action] left open the possibility that the [defendant] might improperly exploit civil discovery for the advancement of his criminal case."). In addition, Objecting Defendants do not dispute, and the Court finds, that: (1) the motion to intervene is timely; (2) the Government's interest, in terms of its investigation of the Criminal Case, will be affected by the disposition of this case; and (3) the Government's interests in the Criminal Case are not adequately represented by the existing parties in the litigation. Accordingly, the Court finds that the Government has met its burden of demonstrating that intervention is warranted.[2]

### III. Stay of Discovery

While Objecting Defendants do not dispute that the Government's interest in this action is sufficient to warrant intervention, Objecting Defendants nonetheless oppose the Government's purpose for intervening, namely to stay discovery in the Civil Case. A stay is not constitutionally required when a civil action overlaps with a pending criminal proceeding, but "may be warranted in certain circumstances." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). "[A] stay of a civil proceeding is an extraordinary remedy and is not favored." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 474 (D.N.J. 2010) (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936)). "However, a court has the discretion to stay a case if the interests of justice so

---

[2] Having granted the Government's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a), the Court need not address the Government's alternate argument that permissive intervention may be granted pursuant to Federal Rule of Civil Procedure 24(b).

require." *Corzine*, 757 F. Supp. 2d at 474 (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

> The factors to be considered in deciding whether to grant a stay include: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest.

*Walsh Sec., Inc.*, 7 F. Supp. 2d at 526-27.

### A. Criminal and Civil Cases Overlap

The similarity of the issues, i.e. the extent to which the criminal and civil cases overlap, has been termed "the most important issue at the threshold in determining whether or not to grant a stay." *Id.* (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). Objecting Defendants do not dispute that the allegations in the Criminal Case are also alleged in the Civil Case. They do, however, argue that there are additional allegations in the Civil Case that are not in the criminal complaint. (Defs.' Opp'n Br. 10, ECF No. 48.) In particular, Objecting Defendants assert that the Complaint "also includes an alleged instance of insider trading not involving short selling of a secondary offering," which is not included in the criminal complaint. (*Id.*) However, the absence of particular instances of alleged insider trading from the Complaint does not negate the substantial overlap between the civil and criminal actions. The Court finds that there is substantial overlap between the core allegations of insider trading in the civil and criminal complaints. Thus, "it stands to reason that the same conduct . . . will be relevant in both cases, and the civil and criminal cases are likely to share common witnesses and documents." *United States v. All Articles of Other-Sonic Gneric Ultrasound Transmission Gel*, No. 12-2264, 2013 WL 1285413, at *2 (D.N.J. March 27, 2013). This overlap between the

criminal and civil cases weighs in favor of granting a stay. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (finding that similarity of issues between civil and criminal action weighed in favor of staying civil action).

### B. Status of Criminal Case

Next, with respect to the status of the Criminal Case, one of the Individual Defendants, Mr. Fishoff, has been indicted. In addition, the case has also progressed with respect to the other Individual Defendants. Mr. Petrello entered a guilty plea on October 19, 2015, and Messrs. Chernin and Costantin entered guilty pleas on March 29, 2016. Thus, although the grand jury investigation is ongoing, given the progress in the Criminal Case, and in particular the indictment of Mr. Fishoff and guilty pleas of Messrs. Petrello, Chernin, and Costantin, the Court finds that the duration of the requested stay is not too indefinite to warrant a stay. *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (noting that harm arising from delay is "reduced [after an indictment] due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." (quoting *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)).

In addition, the Individual Defendants may be at risk for self-incrimination. While the Fifth Amendment protects individuals from compelled self-incrimination, its prohibition against adverse inferences is applicable to only criminal actions. *See Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 274 (3d Cir. 1986). "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Thus, absent a stay, the Individual Defendants may be forced to choose between incriminating themselves by participating in discovery or being subject to adverse inferences if they refuse to make requested disclosures. While this risk may be reduced to the extent that some of the Individual Defendants have entered

guilty pleas, given that, as discussed above, the Civil Case contains additional allegations that are not yet part of the Criminal Case, the risk of self-incrimination will remain with respect to the additional allegations. In addition, before sentencing there is a risk that disclosures in the Civil Case may cause the Court to vacate the plea agreements. *See Gov't Emps. Ins. Co. v. Zuberi*, No. 15-4895, 2015 WL 5823025, at *7 (D.N.J. Oct. 1, 2015) ("[E]ven though there is no criminal trial pending for Moving Defendants, the state court judge could theoretically vacate the plea agreement [at the time of sentencing] based on admissions made in the civil action.").

Accordingly, the Court finds that the progress of the Criminal Case also weighs in favor of granting a stay.

### C. Prejudice to Plaintiff

Here, Plaintiff has not argued that it will be prejudiced by staying the Civil Case. The SEC has not opposed the Government's request for a stay. Accordingly, this factor weighs in favor of granting a stay.

### D. Burden on Defendants

Next, with respect to the burden on the defendants, Objecting Defendants contend that they will be prejudiced by a stay because a stay would allow the SEC to continue investigating its case while barring them from obtaining exculpatory evidence, and a delay will cause their witnesses' memories to fade. (Defs.' Opp'n Br. 11.) While staying discovery will necessarily delay the Civil Case, this delay is not indefinite because, as discussed above, the Speedy Trial Act ensures that the Criminal Case will proceed expeditiously. Thus, the Court does not give much weight to the potential for fading witness recollection. In addition, to the extent that the Criminal Case proceeds expeditiously, Individual Defendants will be given access to exculpatory evidence. Indeed, pursuant to the Court's March 23, 2016 Scheduling Order in the Criminal Case, the Government

7

must give Mr. Fishoff "all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before May 27, 2016." *See* March 23, 2016 Scheduling Order, *United States v. Fishoff*, No. 15-586 (D.N.J. filed March 23, 2016). Moreover, given the Fifth Amendment concerns discussed above, the Court finds that the burden on the Objecting Defendants weighs only marginally against granting the stay.

E. **Interests of the Court**

It is "within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." *Mellon, N.A.*, 545 F.2d at 872-73. Here, given the substantial overlap between the Criminal Case and the Civil Case, the Court finds that it is likely that "resolution of the criminal case [will] moot, clarify, or otherwise affect various contentions in the [C]ivil [C]ase." *Id.* at 873. In addition, given the Fifth Amendment issues discussed above, absent a stay, the Court anticipates numerous discovery disputes, which will require judicial intervention. *See Gov't Emps. Ins. Co.*, 2015 WL 5823025, at *7 (concluding that "it would be more efficient to allow the criminal case to fully conclude before allowing the civil action to proceed" because, *inter alia*, without a stay the court would be forced to decide a "constant stream of privilege issues") (quoting *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528-29). Accordingly, the Court finds that it is in its interest to grant the stay.

F. **Public Interest**

Finally, the Court finds that there is no harm to the public by staying the Civil Case. Unlike cases regarding mislabeling or other consumer issues, here a stay would benefit the public by "allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 529.

Accordingly, the Government has shown that a stay of the Civil Case is warranted.

8

### III. Conclusion

For the reasons set forth above, the Court grants the Government's Motion to Intervene and to Stay Civil Discovery.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 31, 2016