UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.                        Case No. 3:15cv03725 (MAS-DEA)

STEVEN FISHOFF, et al.,

Defendants.
_____

## PARTIAL FINAL JUDGMENT AS TO DEFENDANTS STEVEN FISHOFF, FEATHERWOOD CAPITAL INC. AND JSF INVESTMENT CAPITAL INC.

The Securities and Exchange Commission having filed a Complaint and Defendants Steven Fishoff ("Fishoff"), Featherwood Capital Inc. ("Featherwood") and JSF Investment Capital Inc. ("JSF") collectively ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Partial Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Partial Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Partial Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Partial Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Fishoff and Featherwood are permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Rule 105 of Regulation M [17 C.F.R. § 242.105] by, in connection with an offering of equity securities for cash pursuant to a registration statement or a notification on Form1-A or Form 1-E filed under the Securities Act of 1933 ("offered securities"), selling short the security that is the subject of the offering and purchasing the offered securities from an underwriter or broker or dealer participating in the offering if (A) such short sale was effected during the period that is the shorter of the period: (1) Beginning five business days before the pricing of the offered securities and ending with such pricing; or (2) Beginning with the initial filing of such registration statement or notification on Form 1-A or Form 1-E and ending with the pricing; and (B) none of the exceptions set forth in Rule 105(b)-(d) of Regulation M apply.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Partial Final Judgment by personal service or otherwise: (a) Defendant Fishoff's and Featherwood's officers, agents, servants, employees, and attorneys; and

3

(b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by one or more of the Defendants, participating in a secondary or follow-on offering of any publicly traded security by, among other things, purchasing or offering to purchase securities in such an offering as well as seeking, accepting, receiving, or agreeing to accept or receive non-public information about any such offering from the issuer or from any representative or agent of the issuer, including but not limited to a broker, dealer, or investment banker.

V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21A of the Exchange Act [15 U.S.C. § 78u-1], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendants shall pay prejudgment interest thereon based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Partial Final Judgment; (c) solely for the purposes of such motion, the allegations

of the Complaint (or any amended complaint in this action) shall be accepted as and deemed true by the Court, with the exception of those allegations that specify the amount of ill-gotten gains received by the Defendant; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Partial Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Partial Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Final Judgment forthwith and without further notice.

Dated: __April 7, 2020__

_____
UNITED STATES DISTRICT JUDGE