UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN FISHOFF et al.,<br><br>Defendants. | Case No. 3:15-CV-03725 (MAS-DEA) |

## FINAL CONSENT JUDGMENT AS TO DEFENDANTS STEVEN COSTANTIN, CEDAR LANE ENTERPRISES, INC., AND SEASIDE CAPITAL, INC.

The Securities and Exchange Commission having filed a Complaint (the "Complaint") and Defendants Steven Costantin ("Costantin"), Cedar Lane Enterprises, Inc. ("Cedar Lane") and Seaside Capital, Inc. ("Seaside" and, collectively with Costantin and Cedar Lane, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Consent Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Consent Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or the mails, in the offer or sale of any security:

1

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Costantin and Cedar Lane are permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Rule 105 of Regulation M [17 C.F.R. § 242.105] by, in connection with an offering of equity securities for cash pursuant to a registration statement or a notification on Form1-A or Form 1-E filed under the Securities Act of 1933 ("offered securities"), selling short the security that is the subject of the offering and purchasing the offered securities from an underwriter or broker or dealer participating in the offering if (A) such short sale was effected during the period that is the shorter of the period: (1) Beginning five business days before the pricing of the offered securities and ending with such pricing; or (2) Beginning with the initial filing of such registration statement or notification on Form 1-A or Form 1-E and ending with the pricing; and (B) none of the exceptions set forth in Rule 105(b)-(d) of Regulation M apply.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by one or more of the Defendants, participating in a secondary or follow-on offering of any publicly traded security by, among other things, purchasing or offering to purchase securities in such an offering as well as seeking, accepting, receiving, or agreeing to accept or receive non-public information about any such offering from the issuer or from any representative or agent of the issuer, including but not limited to a broker, dealer, or investment banker.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), paragraphs I, II, III, and IV above also bind the following who receive actual notice of this Final Consent Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Costantin, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Costantin under this Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Costantin of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Consent Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Consent Judgment forthwith and without further notice.

## CONSENT OF DEFENDANTS STEVEN COSTANTIN, CEDAR LANE ENTERPRISES, INC., AND SEASIDE CAPITAL, INC.

1. Defendants Steven Costantin ("Costantin"), Cedar Lane Enterprises, Inc. ("Cedar Lane"), and Seaside Capital, Inc. ("Seaside" and, collectively with Costantin and Cedar Lane, "Defendants") acknowledge having been served with the summons and the complaint in this action (the "Complaint"), enter general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Defendant Costantin has pleaded guilty to criminal conduct relating to the matters alleged in the Complaint in this action. Specifically, in *United States v. Steven Costantin*, Crim. No. 16-cr-158 (MAS) (D.N.J.), Defendant Costantin pled guilty to one count of securities fraud and one count of conspiracy to commit securities fraud.

3. Defendants hereby consent to the entry of the Final Consent Judgment in the form attached hereto (the "Final Consent Judgment") and incorporated by reference herein.

4. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

6. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7. Defendants agree that this Consent shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

8. Defendants will not oppose the enforcement of the Final Consent Judgment on the

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9. Defendants waive service of the Final Consent Judgment and agree that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Consent Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. **Defendants acknowledge that no promise or representation has been made by the Commission** or any member, officer, employee, agent, or representative of the Commission **with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.** Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be

permitted to contest the factual allegations of the Complaint in this action.

11. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Costantin acknowledges his guilty plea for related criminal conduct described in paragraph 2 above, and Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulate for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Costantin under the Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Costantin of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is

not a party.

12. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing parties in this action since the parties have reached a good faith settlement.

13. Defendants agree that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Costantin (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Costantin's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Costantin's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Costantin in any United States District Court for purposes of enforcing any such subpoena.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: /·27·21

_____
Steven Costantin

On January 27th, 2021, Steven Costantin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: January 11, 2023

DENISE PICON
Notary Public, State of New Jersey
My Commission Expires
January 11, 2023

Cedar Lane Enterprises, Inc.

Dated: /·27·21

By: _____
Steven Costantin
AS A REPRESENTATIVE

On January 27th, 2021, Steven Costantin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires: January 11, 2023

DENISE PICON
Notary Public, State of New Jersey
My Commission Expires
January 11, 2023

10

Seaside Capital, Inc.

Dated: 1·27·21

By: _____
Steven Costantin
AS A REPRESENTATIVE

On January 27th, 2021, Steven Costantin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires: January 11, 2023

JENNY PICON
Notary Public, State of New Jersey
My Commission Expires
January 11, 2023

Approved as to form:

/s/ Scott Resnik
_____
Scott Resnik, Esq.
Katten Muchin Rosenmann LLP
575 Madison Avenue
New York, New York 10022-2585
Counsel to Defendants
Dated:   1/27/21

Dated: 2/18/21

_____
UNITED STATES DISTRICT JUDGE

11